## Silcosky v. Silcosky

*Daniel T. Brahaney,* for libellant.

HIPPLE, P. J., August 25, 1949.—Plaintiff filed a complaint in divorce on May 24, 1949. On June 20, 1949, a master was appointed to take testimony, make report thereof to the court, together with his recommendations. The report of the master was submitted to the court on August 11, 1949. Plaintiff appeared before the master with her witnesses and the master has recommended the entry of a decree in divorce a. v. m.

The court concurs with the master in his findings that the testimony of plaintiff shows that defendant has offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome, and if it were not for a vital defect in the proceedings, the court would accept the recommendations of the master and enter a decree accordingly.

The complaint was not served upon defendant personally. The return of the sheriff shows that it was

served on defendant "by handing a true and attested copy of the Complaint in Divorce to the mother of the Defendant, an adult member of the Defendant's family and making known to her the contents thereof at the residence of the Defendant at 223 Maple Avenue, in the Village of Rolfe, Ridgway Township, Elk County, Pennsylvania, on May 24, 1949, at 3:13 P. M."

There was no service of the complaint in divorce on defendant, such as is required by Rule 1124 of the Pennsylvania Rules of Civil Procedure governing actions at law and relating to the action of divorce. That rule requires the complaint to be served by handing a copy to the defendant, or if defendant resides outside the Commonwealth by having an attorney-at-law, other than the attorney for plaintiff, hand a copy to defendant, or sending defendant a copy by registered mail, with the provision that such service by mail is not valid, if the return receipt is not signed by him personally.

Defendant is a resident of Elk County, Pa., and there is no provision that service of a complaint in divorce may be had by serving upon an adult member of defendant's family.

A proceeding in divorce is an adverse proceeding and personal notice by service of the complaint personally is essential in order to vest the court with jurisdiction. The service must comply strictly with the rules relating to actions in divorce.

Therefore in order to secure jurisdiction of defendant by the court, there must be either actual personal service as prescribed by the rules, or the equivalent thereof. The record must show defendant had notice by personal service upon him or by publication if defendant cannot be found within the jurisdiction, and his residence is unknown.

Unquestionably, plaintiff is entitled to a decree, but unfortunately for her the court does not have juris-

diction of the proceeding and any decree so entered would be a nullity.

*Order*

The recommendation of the master is disapproved, and the proceedings are dismissed at the cost of plaintiff.